Warren v. Quick, et al.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINCENT WARREN,

                      Plaintiff,

      v.

QUANDERA T. QUICK, Inmate Grievance
Program Supervisor; SHELLEY MALLOZZI,
Inmate Grievance Program, Director; REBECCA
A. LOREN, Inmate Grievance Program Coordinator;
and John/Jane DOE(S); Individually and in their
official capacities,

                      Defendants.
------------------------------------------------------------X

**19 CV 10989**

Complaint

Civil Action No. _____

**42 U.S.C. §§ 1981, 1983 & 1985**

**Jury Trial Demanded**

## I. Complaint

Plaintiff, Vincent Warren, pro se, states as follows:

### II. Parties, Jurisdiction and Venue

1. Plaintiff Vincent Warren (hereinafter "WARREN" or "Plaintiff") was/is a prisoner confined at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562 (hereinafter "Sing Sing").

2. Plaintiff WARREN is/was at all times mentioned herein an adult citizen of the United States and a resident of the State of New York.

3. Defendant QUANDERA T. QUICK is/was at all times herein the Inmate Grievance Program Supervisor at Sing Sing.

4. Defendant SHELLEY MALLOZZI is/was at all times herein the Inmate Grievance Program Director within the Department of Corrections and Community Supervision.

5. Defendant REBECCA A. LOREN is/was at all times herein an Inmate Grievance Program Coordinator within the Department of Corrections and Community Supervision.

6. This action arises under, and is brought pursuant to, 42 U.S.C. §§ 1981, 1983, & 1985, to remedy the deprivation, under color of state law, of rights guaranteed by the First, Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

7. Plaintiff's claim for injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

8. This cause of action arose in the Southern District of New York. Therefore, venue is proper under 28 U.S.C. § 1391(b).

### III. Previous Lawsuits by Plaintiff

9. WARREN's first U.S.C. § 1983 civil action was filed sometime in 2000, Vincent Warren v. John Doe. It was against Riker's Island staff. WARREN was unable to find the correct spelling of the officer's name so it was dismissed without prejudice. WARREN lost the information to the action, therefore, he was unable to proceed.

10. The next action, Vincent Warren v. Det. Robert Altieri, Robert Depaulis and NYPD 47th P.D. The case #01 Civ. 3635 (DLC). The action was filed beyond the statute of limitations and dismissed.

11. The third action, Vincent Warren v. Glenn Goord, W. Phillips, John Doa, Thomas Eagen, DOCS, #05 Civ. 9590. The action was dismissed on summary judgment.

12. The fourth action, Warrren v. Chakravorty, et al., 03-CV-8736 (GEC), was ruled in favor of defendants at trial in 2007.

## IV. Exhaustion of Administrative Remedies

13. The process used within DOCCS to exhaust administrative remedies is governed by Correction Law § 139, 9 NYCRR § 7695, and Directive #4040.[1]

14. WARREN details *ante* the efforts he made to exhaust all his administrative remedies.

## V. Statement of Claim

15. Each defendant is being sued in her individual and official capacities.

16. At all relevant times herein, each defendant is/was a "person" for the purpose of 42 U.S.C. §§ 1981, 1983 & 1985, and acted under color of law to deprive Plaintiff of his constitutional rights, as set forth more fully below.

## VI. Statement of Facts

17. At all relevant times herein, in relation to incidents herein, Plaintiff WARREN was a prisoner in the custody of DOCCS at Sing Sing.

18. At all relevant times, in relation to incidents herein, WARREN had/has a liberty interest in accordance with Correction Law § 139, 9 NYCRR § 7695, and Directive #4040.

19. All issues/complaints raised in this action fall within the three (3) year statute of limitations to seek redress under 42 U.S.C. § 1983.

---

[1] According to Directive #4040 § 701.5(a)(1) & (b)(3)(i), "An inmate must submit a complaint to the clerk within 21 calendar days of an alleged occurrence ... The representatives of the IGRC shall have up to 16 calendar days after a grievance is filed to resolve it informally ... If there is no resolution, the full committee shall conduct a hearing to answer the grievance ... Its decision must be communicated to the grievant ... within two working days." The next step, "If the grievant ... wishes to appeal to the Superintendent, he ... must complete and sign the appeal section on the IGRC response form ... and submit it to the grievance clerk within seven calendar days after receipt of the IGRC's written response." The Superintendent shall answer the appeal "within 20 calendar days from the time the appeal was received." Id. at (c)(1)(3). The final step, "If the grievant ... wishes to appeal to the CORC, he ... must sign Form #2133 and submit it to the grievance clerk within seven calendar days after receipt of the Superintendent's written response to the grievance." Thereafter, "The CORC shall review each appeal, render a decision on the grievance ... within 30 calendar days from the time the appeal was received." Id. at (d)(1) & (3). There is a different process when a grievance alleges harassment, discrimination, or violation of strip search/ frisk. These grievances forego the first step and are forwarded to the Superintendent for investigation. The Superintendent has 25 calendar days to respond. Thereafter, the grievant may appeal to CORC. Id. at §§ 701.8(g), 701.9(c) & (f) and 701.10(g).

### *Retaliated Against By Defendant QUICK For Filing Grievance Complaint(s)*

20. In accordance with DOCCS policy,[2] December 10, 2017, while being an IGP Clerk, WARREN submitted his name as a nominee to IGP Supervisor Defendant QUICK, as part of the process to be elected as an IGRC Representative ("Rep"), in accordance with his First Amendment right to aide prisoners to redress government deprivations.

21. IGP Supervisor Defendant QUICK refused to submit WARREN's name for the process and selected her own IGRC Rep, contrary to departmental policy.

22. Shortly thereafter, QUICK's selected IGRC Rep was charged with violating facility policy and was no longer able to be an IGRC Rep, causing the IGRC Rep position to be vacant and needed to be filled again.

23. In January 2018, WARREN again submitted his name to be IGRC Rep, in accordance with IGP Supervisor QUICK's policy, stating,

> I would like to be placed on a ballot for the IGRC Rep for HB5. There is no rep in the block. The person who was the rep was moved to B Block and I wish to be the rep or be placed on a ballot ASAP so that HB5 may have proper representation.

IGP Supervisor Defendant QUICK's response was, "There is no Ballot! Get out of my face!! And make sure the numbers are correct!"

24. In response to QUICK's response, WARREN verbalized a grievance to QUICK concerning her conduct towards him, and said he would submit a written grievance if her conduct persisted. QUICK's response was *quid pro quo*, telling WARREN,

> OK Warren, if you can take care of this [getting a grievant to sign off on his grievance by any means], you can be HB5 Rep. If not, Blackwell will be the Rep!

---

[2] Directive #4040 § 701.4.

25. WARREN disagreed with this process (¶¶ 20-24), declaring it was inconsistent with Correction Law § 139, 9 NYCRR § 7695, and Departmental Directive #4040, he therefore filed a grievance on January 25, 2018, although never processed, and he made certain requests:

    a) That he is spoken to, or responses to all his correspondences are responded to, with respect and due consideration;

    b) That a memo is posted for submission of names for the IGRC Rep for HB5 and that his name is placed on the ballot for IGRC Rep; and

    c) That the integrity of the Inmate Grievance Program ("IGP") at Sing Sing is protected by ensuring all elections go through the limited democratic process to impress upon incarcerated persons how important voting is so that they can have an appreciation of it when they are released, and to avoid given the impression that the voting process is rigged even in prison.

26. February 5, 2018, WARREN filed a grievance on these same facts; he attached his January 25th grievance as an exhibit; and he was assigned grievance SS# 59101-18.

27. Part of the facts of the grievance are, Defendant QUICK deprived WARREN of the IGP process to be an IGRC Rep, and in retaliation for filing the grievance, QUICK humiliated him by yelling, cursing and verbally bashing him in front of his peers, then she fired WARREN from his job as a IGP Clerk, without an impeachment hearing.

28. Two to three days later WARREN returned to the grievance office for work and was told by IGP Sergeant Smallwood that per QUICK he was no longer permitted at work/program because she fired him. Sgt. Smallwood informed WARREN that QUICK called the program committee and had WARREN placed on unassigned (no program list).

29. Thereafter, WARREN was re-assigned as a porter (from Grade 4 to a Grade 1, decrease in pay). Consequently, WARREN filed another grievance (SS# 59101-18) and requested:

   a) That retaliation for the filing of grievances is prohibited;

   b) That corrective action is taken to return WARREN to his prior status;

   c) That staff are reminded that good faith utilization of IGP is prohibited; and

   d) That WARREN receive Grade 4 program at IGP or any other place.

30. SS# 59101-18 grievance was denied by the Superintendent 5/2/18. WARREN thereafter appealed to CORC.

31. On 6/19/19, CORC upheld the Superintendent's determination, accepting QUICK's denials to WARREN's allegations, and further recognizing grievant was an alternate IGRC Rep for 7/1/18 to 12/31/18.

32. In accordance with departmental policy, established by the IGP Supervisor Defendant QUICK, WARREN submitted his name as a nominee for one of two IGRC Rep positions. The IGRC election was held. As the result of the election, WARREN allegedly received the third place position, making him the first alternate Rep should the need arose for a Rep vacancy to be fulfilled. Directive #4040 § 701.4. Yet, as a retaliatory tactic for filing a grievance against Defendant QUICK, she placed the person who came in fourth place in the IGRC election, as the IGRC Rep to fill the vacancy needed, instead of filling the vacancy with the person who came in third place, Plaintiff WARREN.

33. In retaliation for filing a grievance against Defendant QUICK, WARREN was deprived of being an IGRC Rep once an alternate Rep was needed to fill a Rep vacancy.

34. WARREN conveyed all facts concerning the retaliation he was subjected to by QUICK to IGP Director Defendant SHELLEY MALLOZZI and REBECCA A. LOREN, they

each failed to remedy these violations. In fact, upon information and belief, Defendant

MALLOZZI was complicit with QUICK due to *quid pro quo*.

35. It is a customary practice for DOCCS staff to cover each other in wrongdoing, including

violations of regulations and law.

36. Plaintiff WARREN was subjected to discriminatory treatment by Defendant QUICK

because he was not a Sunni Muslim.

37. Plaintiff filed grievance (SS# 59940-18 [con]) on the above, ¶¶ 32-36, processed in IGP

office August 9, 2018 (and September 21, 2018), a grievance hearing was held September

25, 2018; the grievance decision was appealed to Superintendent, this appeal was decided

by Superintendent 10/1/18, thereafter Plaintiff WARREN appealed to CORC. As of yet,

although it has been more than 30 days, CORC has not decided Plaintiff WARREN's

appeal, making the remedy unavailable.

38. Defendant QUICK has chosen to divulge WARREN's complaints and/or grievances

against her to inmates and staff, as a retaliatory measure, in effort to intimidate

WARREN, violating IGP Supervisory protocols.

39. Defendant IGP Director MALLOZZI has permitted Defendant IGP Supervisor QUICK to

do as she please with IGP; although MALLOZZI receives many complaints concerning

QUICK she refuses to answer these complaints and permits the misconduct to continue.

40. Defendant IGP Coordinator LOREN has permitted Defendant IGP Supervisor QUICK to

do as she please with IGP; although LOREN receives many complaints concerning

QUICK she refuses to answer these complaints and permits the misconduct to continue.

41. As IGP Supervisor, Defendant QUICK abuses her authority by utilizing staff (including

security) to retaliate against prisoners she does not like. The retaliation may include

fabricated incidents of misbehavior, removal from programs (as was the case with

WARREN), and spreading negative rumors.

### *Atypical And Significant Hardship Suffered*

42. All grievances mentioned in this complaint are mentioned to be incorporated herein,

create a liberty interest, and raise all possible legal issues that may be suggested or

implied.

### VII. Prayer for Relief

43. Plaintiff requests an order declaring that the Defendants have acted in violation of the

United States Constitution.

44. Plaintiff requests an order declaring that the Defendants have acted in violation of the

federal statute(s).

45. Plaintiff requests an order declaring that:

    a) A remedy is required for DOCCS to thoroughly conduct unbiased investigations,

       lock out staff, fire staff and/or seek criminal charges against staff who commit

       criminal acts against any prisoner;

    b) Defendants did retaliate against WARREN for him exercising his First

       Amendment Right(s) in that:

        i.   WARREN filed a grievance against Defendant QUICK and was fired as

             IGP Clerk in retaliation for filing that grievance; and

        ii.  WARREN was deprived of being an IGRC Rep in retaliation for filing a

             grievance against Defendant QUICK.

c) New York State Department of Corrections and Community Supervision is required to implement policy that will safeguard present and former IGRC Reps and IGP Clerks from DOCCS' staff abusing their authority.

d) Defendant QUANDERA T. QUICK did conspire to prevent WARREN from being IGP Clerk and/or IGRC Rep, in retaliation for WARREN exercising his First Amendment right, as an act of discrimination and because WARREN complained about not being permitted to be an IGRC Rep.

e) Defendant SHELLEY MALLOZZI has failed to remedy Defendant QUICK's dereliction of duties, by permitting an ongoing pattern of Defendant QUICK's malfeasance, contrary to departmental policy.

f) Defendant REBECCA A. LOREN has failed to remedy Defendant QUICK's dereliction duties, by permitting an ongoing pattern of Defendant QUICK's malfeasance, contrary to departmental policy.

46. Plaintiff requests an injunction, compel Defendants to prohibit *quid pro quo* in selecting IGP Clerk and/or IGRC Rep, and adhere to departmental policy and legal jurisprudence.

47. Plaintiff requests $150,000.00 compensatory damages and $450,000.00 punitive damages.

Signed this 18th day of November, 2019

_____

Vincent Warren, Pro Se

I declare under penalty of perjury that the foregoing is true and correct

_____

Vincent Warren, Pro Se

NOV. 2019

_____

Dated




om: Vincent Warren # 01A3241 Housing Unit 5 Cell A-4
Program: I.G.R.C clerk A.M. P.M. /Mercy College Eve
Sing Sing Correctional Facility
354 Hunter Street
Ossining New York 10562

To: Inmate Grievance Program
Sing Sing Corr. Fac.
Copies to: Sup. M. Capra
          DSP. Dr. L. Malin
          S. Mallozzi Acting Dir. I.G.P. Central Office
          Legal Attorney Tracie A. Sundack

                              January 26th 2018


## Introduction

This grievance relates to events that are within the 21 day statute of limitations to file a complaint. All issue outside of the 21 day, events are only expressed as back ground.

## Statement Of Facts

On or about December 10th 2017 I submitted my name to be placed on the ballot for the December 2017 IGRC election. The IGRC Supervisor pulled my name from the ballot and hand picked who she wanted. I should have been allowed to run. I was a IGRC rep at this facility before and became a clerk at the IGP on or about Feb. 9. 2015 (see exhibit A Inmate Progress Reports). All of these reports demonstrate I improved the IGP system. Im not grieving the above mentioned it is outside the 21 day statute of limitations. This complaint is made to safe guard the integrity of the election process.

1 of 3                          # of Exhibits 9

## Complaint

The hand picked rep for HBS was removed from the housing block for reason unrelated to me and relocated to another location. The HBS rep once again became vacant and on January 18, 2018 I respectfully submitted a letter to the IGP Supervisor which is as follows:

" I would like to be placed on a ballot for the IGRC Rep for HBS. There is no rep in the block. The person who was the rep was removed to B Block and I wish to be the rep or be placed on a ballot ASAP so that HBS may have proper representat- -ion." (ex. B).

The IGP Supervisor's response was as follows:

"There is no Ballot! Get out of my face !! and make sure the numbers are correct !" ( Ex. B)

After this was told to me, I informed the IGP Supervisor that I would file a grievance and then a _quid pro quo_ was made when the IGP Supervisor told me the following:

"OK Warren, if you can take care of this, you can be HBS Rep. If not Blackwell will be the Rep." (ex. C.)

I do not approve of this process and the integrity of the IGRC is at risk. The inmate population should decide who they want to represent them and not through a hand picked selection by the program supervisor.

2 of 3                    # of Exhibits = 9

NYCRR§139(1) was enacted in response to the 1971 Attica Prison Uprising, the McKay Commission looked into the cause of that uprising and recommended procedures to resolve prison issues through an administrative process, see also Patterson v. Smith, 440 NYS 2d 600 at 602 (1981). Directive§ 4040 701.1 (d) This program enables any inmate who is personally affected by an issue for which there is no avenue for redress or correction to seek resolution of a complaint through a facility committee of _elected_ peers... it does not say Supervisor _selected_ peers.

Actions Requested:  1.) That I be spoken to or responses to all my correspondence be responded to with respect and due consideration.

2.) That a memo be posted for submission of names for the IGRC Rep for HBS and that my name be placed on that ballot.

3.) That the integrity of the IGRC at Sing Sing be protected by insuring all elections go through the limited democratic process to impress upon people incarcerated how ~~important~~ important voting is so that they can have a appreciation of it when they are released. This selective process that takes place here is a poor example of voting and gives a impression that systems are rigged at all levels - even in prison.

Respectfully Submitted,

3 of 3          # of Exhibits  9



FORM 3250 (2/94)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

## INMATE PROGRESS REPORT

CORRECTIONAL FACILITY _Sing Sing_          NAME OF PROGRAM _IGRC_

NAME: _Warren, V_          DIN # _01 A 3241_   HOUSING UNIT _HBS_   DATE: _2/9/15_

CHECK ONE:

PAY INCREASE ____✓____          READING LEVEL _____

PAY DECREASE _____          GED OR H.S. DIP.   YES ___ NO ___

GENERAL EVALUATION _____          DATE ENTERED PROG. _____

FINAL EVALUATION _____          PAY ITEM NUMBER _700404_

| | EXCELLENT | ABOVE AVERAGE | AVERAGE | BELOW AVERAGE | POOR |
|---|---|---|---|---|---|
| ATTENDANCE/PUNCTUALITY | | | | | |
| INTEREST IN PROGRAM ASSIGNMENT | | ✓ | | | |
| EFFORT AND INITIATIVE | | ✓ | | | |
| ATTITUDE TOWARD PEERS | | ✓ | | | |
| ATTITUDE TOWARD AUTHORITY FIGURES | | ✓ | | | |
| FOLLOWS RULES AND SAFETY PRACTICES | | ✓ | | | |
| ABILITY TO FOLLOW DIRECTIONS | | ✓ | | | |
| QUALITY OF WORK | | ✓ | | | |
| DISPLAYS SELF CONTROL | | ✓ | ✓ | | |
| DEPENDABILITY | | | ✓ | | |
| APTITUDE/EMPLOYABILITY | | | | | |

EXPLAIN INMATE'S ACCOMPLISHMENTS WHILE IN YOUR PROGRAM OR WORK DETAIL:

_Self Control when there is a change of the
North._

LIST JOB TITLES, OR SPECIAL SKILLS ACQUIRED:

_Promoted to Grievance Clerk after a successful
6 months as a Representative._

GENERAL COMMENTS: _Positive Addition to the Grievance Program_

_____
INMATE'S SIGNATURE

_V. Warren_          _Supervisor Inmate Grievance Prog._          _2/9/15_
EMPLOYEE'S SIGNATURE          TITLE          DATE

DISTRIBUTION: White -Evaluator, Pink -Guidance Unit, Yellow -inmate

FORM 3250 (7/11)       STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

# INMATE PROGRESS REPORT

CORRECTIONAL FACILITY _Sing Sing_          NAME OF PROGRAM _IGRC_

NAME _Warren, V_          DIN _CN A 3241_ HOUSING UNIT _HBA_ DATE _5/11/15_

CHECK ONE:

| | | |
|---|---|---|
| PAY INCREASE | ___ | READING LEVEL ___ |
| PAY DECREASE | ___ | GED OR H.S. DIP. YES ___ NO ___ |
| GENERAL EVALUATION | ✓ | DATE ENTERED PROG. ___ |
| FINAL EVALUATION | ___ | PAY ITEM NUMBER _700404_ |

| | EXCELLENT | ABOVE AVERAGE | AVERAGE | BELOW AVERAGE | POOR |
|---|---|---|---|---|---|
| ATTENDANCE / PUNCTUALITY | | ✓ | | | |
| INTEREST IN PROGRAM ASSIGNMENT | ✓ | | | | |
| EFFORT AND INITIATIVE | ✓ | | | | |
| ATTITUDE TOWARD PEERS | ✓ | | | | |
| ATTITUDE TOWARD AUTHORITY FIGURES | ✓ | | | | |
| FOLLOWS RULES AND SAFETY PRACTICES | ✓ | | | | |
| ABILITY TO FOLLOW DIRECTIONS | ✓ | | | | |
| QUALITY OF WORK | | ✓ | | | |
| DISPLAYS SELF CONTROL | | ✓ | | | |
| DEPENDABILITY | | ✓ | | | |
| APTITUDE / EMPLOYABILITY | | ✓ | | | |

EXPLAIN INMATE'S ACCOMPLISHMENTS WHILE IN YOUR PROGRAM OR WORK DETAIL:

_____

_____

_____

LIST JOB TITLES, OR SPECIAL SKILLS ACQUIRED:

_Grievance Clerk_

_____

_____

GENERAL COMMENTS: _Pleasure to have in program. Continue; to_
_Make positive adjustments 7 his work Ethics._

_____
INMATE'S SIGNATURE

_____   _Supervising Inmate Griev.    5/11/15_
EMPLOYEE'S SIGNATURE          TITLE                    DATE

DISTRIBUTION:  White - Guidance Unit,  Yellow - Inmate,  Pink - Evaluator

FORM 3250 (7/11)          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

# INMATE PROGRESS REPORT

CORRECTIONAL FACILITY _____     NAME OF PROGRAM _____

NAME: _Warren, V_____     DIN _21A32__     HOUSING UNIT _H34_     DATE: _1/9/60_

CHECK ONE:

| | | |
|---|---|---|
| PAY INCREASE | _____ | READING LEVEL _____ |
| PAY DECREASE | _____ | GED OR H.S. DIP.   YES _✓_  NO ___ |
| GENERAL EVALUATION | _✓_ | DATE ENTERED PROG. _____ |
| FINAL EVALUATION | _____ | PAY ITEM NUMBER _700404_ |

| | EXCELLENT | ABOVE AVERAGE | AVERAGE | BELOW AVERAGE | POOR |
|---|---|---|---|---|---|
| ATTENDANCE / PUNCTUALITY | ✓ | ✓ | | | |
| INTEREST IN PROGRAM ASSIGNMENT | ✓ | | | ✓ | |
| EFFORT AND INITIATIVE | ✓ | | | | |
| ATTITUDE TOWARD PEERS | ✓ | | | | |
| ATTITUDE TOWARD AUTHORITY FIGURES | ✓ | | | | |
| FOLLOWS RULES AND SAFETY PRACTICES | ✓ | | | | |
| ABILITY TO FOLLOW DIRECTIONS | | | ✓ | | |
| QUALITY OF WORK | ✓ | | ✓ | | |
| DISPLAYS SELF CONTROL | | | ✓ | | |
| DEPENDABILITY | | | ✓ | | |
| APTITUDE / EMPLOYABILITY | | | ✓ | | |

EXPLAIN INMATE'S ACCOMPLISHMENTS WHILE IN YOUR PROGRAM OR WORK DETAIL:

_Warren has made progress in every facet in this_
_program. Follows all direction given. His staff give no_
_resistance._

LIST JOB TITLES, OR SPECIAL SKILLS ACQUIRED:

_____

_____

_____

GENERAL COMMENTS: _Pleasure to have in program_

_____

_____

INMATE'S SIGNATURE

EMPLOYEE'S SIGNATURE          TITLE _TGP_          DATE _1/9/60_

DISTRIBUTION:  White - Guidance Unit,  Yellow - Inmate,  Pink - Evaluator

FORM 3250 (2/84)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

## INMATE PROGRESS REPORT

CORRECTIONAL FACILITY _Sing Sing_          NAME OF PROGRAM _IGRC_

NAME: _Nguyen, V_          DIN # _01 A 3246_   HOUSING UNIT _11A_   DATE: _5/13/16_
                                          _3241_

CHECK ONE:

| | | | |
|---|---|---|---|
| PAY INCREASE | _____ | READING LEVEL | _____ |
| PAY DECREASE | ___✓___ | GED OR H.S. DIP. | YES ___ NO ___ |
| GENERAL EVALUATION | ___✓___ | DATE ENTERED PROG. | _____ |
| FINAL EVALUATION | _____ | PAY ITEM NUMBER | _700 464_ |

| | EXCELLENT | ABOVE AVERAGE | AVERAGE | BELOW AVERAGE | POOR |
|---|---|---|---|---|---|
| ATTENDANCE/PUNCTUALITY | | | ✓ | | |
| INTEREST IN PROGRAM ASSIGNMENT | | ✓ | | | |
| EFFORT AND INITIATIVE | | ✓ | | | |
| ATTITUDE TOWARD PEERS | | ✓ | | | |
| ATTITUDE TOWARD AUTHORITY FIGURES | | ✓ | | | |
| FOLLOWS RULES AND SAFETY PRACTICES | | ✓ | | | |
| ABILITY TO FOLLOW DIRECTIONS | | ✓ | | | |
| QUALITY OF WORK | | ✓ | | | |
| DISPLAYS SELF CONTROL | | | ✓ | | |
| DEPENDABILITY | | ✓ | | | |
| APTITUDE/EMPLOYABILITY | | ✓ | | | |

EXPLAIN INMATE'S ACCOMPLISHMENTS WHILE IN YOUR PROGRAM OR WORK DETAIL:

_____

_____

_____

_____

LIST JOB TITLES, OR SPECIAL SKILLS ACQUIRED:

_Grievance Rep. Clerk and Reby Grievance Clerk_

_____

GENERAL COMMENTS:

_Advised to work on self control it will help him out in life. Interested in law.com deg._

_____
INMATE'S SIGNATURE

_____          _Sgt. TGP_          _5/13/16_
EMPLOYEE'S SIGNATURE                TITLE                DATE

DISTRIBUTION: White -Evaluator, Pink -Guidance Unit, Yellow -Inmate

FORM 3250 (7/11)      STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

# INMATE PROGRESS REPORT

CORRECTIONAL FACILITY _Sing Sing_          NAME OF PROGRAM _IGRC_

NAME: _WALKEN, V_     DIN _01 A 3241_  HOUSING UNIT _H8A_  DATE: _8/6/15_

CHECK ONE:

| | |
|---|---|
| PAY INCREASE _____ | READING LEVEL _____ |
| PAY DECREASE _____✓ | GED OR H.S. DIP. YES _✓ NO __ |
| GENERAL EVALUATION _✓ | DATE ENTERED PROG. _____ |
| FINAL EVALUATION _____ | PAY ITEM NUMBER _700404_ |

|  | EXCELLENT | ABOVE AVERAGE | AVERAGE | BELOW AVERAGE | POOR |
|---|---|---|---|---|---|
| ATTENDANCE / PUNCTUALITY | | / | | | |
| INTEREST IN PROGRAM ASSIGNMENT | | / | | | |
| EFFORT AND INITIATIVE | | / | | | |
| ATTITUDE TOWARD PEERS | | / | | | |
| ATTITUDE TOWARD AUTHORITY FIGURES | | / | | | |
| FOLLOWS RULES AND SAFETY PRACTICES | | / | | | |
| ABILITY TO FOLLOW DIRECTIONS | | / | | | |
| QUALITY OF WORK | | / | | | |
| DISPLAYS SELF CONTROL | | / | | | |
| DEPENDABILITY | | / | | | |
| APTITUDE / EMPLOYABILITY | | / | | | |

EXPLAIN INMATE'S ACCOMPLISHMENTS WHILE IN YOUR PROGRAM OR WORK DETAIL:

_____
_____
_____

LIST JOB TITLES, OR SPECIAL SKILLS ACQUIRED:

_____
_____
_____

GENERAL COMMENTS:

_____
_____

_____
INMATE'S SIGNATURE

_____      _IGP Supervisor_       _8/6/15_
EMPLOYEE'S SIGNATURE            TITLE                 DATE

DISTRIBUTION:  White - Guidance Unit,  Yellow - Inmate,  Pink - Evaluator

FORM 3250 (2/94)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

**INMATE PROGRESS REPORT**

CORRECTIONAL FACILITY: _Sing Sing_    NAME OF PROGRAM _IGRC_

NAME: _Warren, V_    DIN # _01A 3241_    HOUSING UNIT _HBS_    DATE: _11/3/14_

CHECK ONE:

| | | |
|---|---|---|
| PAY INCREASE | _____ | READING LEVEL _____ |
| PAY DECREASE | ___✓___ | GED OR H.S. DIP. YES _✓_ NO ___ |
| GENERAL EVALUATION | _✓_ | DATE ENTERED PROG. _____ |
| FINAL EVALUATION | _____ | PAY ITEM NUMBER _720404_ |

| | EXCELLENT | ABOVE AVERAGE | AVERAGE | BELOW AVERAGE | POOR |
|---|---|---|---|---|---|
| ATTENDANCE/PUNCTUALITY | | ✓ | | | |
| INTEREST IN PROGRAM ASSIGNMENT | | ✓ | | | |
| EFFORT AND INITIATIVE | | ✓ | | | |
| ATTITUDE TOWARD PEERS | | ✓ | | | |
| ATTITUDE TOWARD AUTHORITY FIGURES | | ✓ | | | |
| FOLLOWS RULES AND SAFETY PRACTICES | | ✓ | | | |
| ABILITY TO FOLLOW DIRECTIONS | | ✓ | | | |
| QUALITY OF WORK | | ✓ | | | |
| DISPLAYS SELF CONTROL | | ✓ | | | |
| DEPENDABILITY | | ✓ | | | |
| APTITUDE/EMPLOYABILITY | | ✓ | | | |

EXPLAIN INMATE'S ACCOMPLISHMENTS WHILE IN YOUR PROGRAM OR WORK DETAIL:

_Continues to function independently as the_
_Grievance Clerk_

LIST JOB TITLES, OR SPECIAL SKILLS ACQUIRED:

_____

_____

_____

GENERAL COMMENTS:

_Pleasure to have in program_

_____
INMATE'S SIGNATURE

_____    _IGP Supervisor_    _1/3/16_
EMPLOYEES'S SIGNATURE        TITLE        DATE

DISTRIBUTION: White -Evaluator, Pink -Guidance Unit, Yellow -Inmate

FORM 3250 (7/11)        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## INMATE PROGRESS REPORT

CORRECTIONAL FACILITY  _Sing Sing_        NAME OF PROGRAM  _IGRC_

NAME:  _Warren, Vincent_        DIN  _01 A 3241_   HOUSING UNIT _HB5_   DATE: _2/7/17_

CHECK ONE:

PAY INCREASE        _____          READING LEVEL        _____

PAY DECREASE        _____          GED OR H.S. DIP.      YES ___  NO ___

GENERAL EVALUATION   _____✓_____          DATE ENTERED PROG.   _____

FINAL EVALUATION     _____          PAY ITEM NUMBER       _____

|  | EXCELLENT | ABOVE AVERAGE | AVERAGE | BELOW AVERAGE | POOR |
|---|---|---|---|---|---|
| ATTENDANCE / PUNCTUALITY | | ✓ | | | |
| INTEREST IN PROGRAM ASSIGNMENT | | ✓ | | | |
| EFFORT AND INITIATIVE | | ✓ | | | |
| ATTITUDE TOWARD PEERS | | | ✓ | | |
| ATTITUDE TOWARD AUTHORITY FIGURES | | | ✓ | | |
| FOLLOWS RULES AND SAFETY PRACTICES | | ✓ | | | |
| ABILITY TO FOLLOW DIRECTIONS | | ✓ | | | |
| QUALITY OF WORK | | ✓ | | | |
| DISPLAYS SELF CONTROL | | | ✓ | | |
| DEPENDABILITY | | | ✓ | | |
| APTITUDE / EMPLOYABILITY | | | ✓ | | |

EXPLAIN INMATE'S ACCOMPLISHMENTS WHILE IN YOUR PROGRAM OR WORK DETAIL:

_____

_____

_____

_____

LIST JOB TITLES, OR SPECIAL SKILLS ACQUIRED:

_____

_____

_____

GENERAL COMMENTS:

_____

_____

_____
INMATE'S SIGNATURE

_____   ___C.O.___        ___2·9·17___
EMPLOYEE'S SIGNATURE                TITLE              DATE

DISTRIBUTION:  White - Guidance Unit,  Yellow - Inmate,  Pink - Evaluator

FORM 3250 (7/11)          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## INMATE PROGRESS REPORT

CORRECTIONAL FACILITY _Sing Sing_          NAME OF PROGRAM _IGKC_

NAME: _Nguyen, V_          DIN _01A3241_  HOUSING UNIT _H05_  DATE _8/9/17_

CHECK ONE:

PAY INCREASE _____          READING LEVEL _____

PAY DECREASE _____          GED OR H.S. DIP.   YES ✓  NO ___

GENERAL EVALUATION ✓          DATE ENTERED PROG. _____

FINAL EVALUATION _____          PAY ITEM NUMBER _100404_

|  | EXCELLENT | ABOVE AVERAGE | AVERAGE | BELOW AVERAGE | POOR |
|---|---|---|---|---|---|
| ATTENDANCE / PUNCTUALITY |  | ✓ |  |  |  |
| INTEREST IN PROGRAM ASSIGNMENT | ✓ |  |  |  |  |
| EFFORT AND INITIATIVE |  | ✓ |  |  |  |
| ATTITUDE TOWARD PEERS |  | ✓ |  |  |  |
| ATTITUDE TOWARD AUTHORITY FIGURES |  | ✓ |  |  |  |
| FOLLOWS RULES AND SAFETY PRACTICES |  | ✓ |  |  |  |
| ABILITY TO FOLLOW DIRECTIONS |  | ✓ |  |  |  |
| QUALITY OF WORK |  | ✓ |  |  |  |
| DISPLAYS SELF CONTROL |  | ✓ |  |  |  |
| DEPENDABILITY |  |  | ✓ |  |  |
| APTITUDE / EMPLOYABILITY |  |  | ✓ |  |  |

EXPLAIN INMATE'S ACCOMPLISHMENTS WHILE IN YOUR PROGRAM OR WORK DETAIL:

_An improved display of self control regarding_
_situation beyond his control._

LIST JOB TITLES, OR SPECIAL SKILLS ACQUIRED:

_IGKC Clerk_

GENERAL COMMENTS:

_____

INMATE'S SIGNATURE

EMPLOYEE'S SIGNATURE          TITLE _IGP Supervisor_          DATE _8/9/17_

DISTRIBUTION:  White - Guidance Unit,  Yellow - Inmate,  Pink - Evaluator

FORM 3250 (7/11)          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## INMATE PROGRESS REPORT

CORRECTIONAL FACILITY _Sing Sing_          NAME OF PROGRAM _IGPC_

NAME: _Warren, V_          DIN _01A 3734_   HOUSING UNIT _HBS_   DATE: _11/8/17_

_01A 3241_

CHECK ONE:                                READING LEVEL _____

PAY INCREASE    _____              GED OR H.S. DIP.   YES ___ NO ___

PAY DECREASE    _____              DATE ENTERED PROG. _8/15/14_

GENERAL EVALUATION ___✓___                PAY ITEM NUMBER _700404_

FINAL EVALUATION _____

| | EXCELLENT | ABOVE AVERAGE | AVERAGE | BELOW AVERAGE | POOR |
|---|---|---|---|---|---|
| ATTENDANCE / PUNCTUALITY | | ✓ | | | |
| INTEREST IN PROGRAM ASSIGNMENT | | ✓ | | | |
| EFFORT AND INITIATIVE | | ✓ | | | |
| ATTITUDE TOWARD PEERS | | ✓ | | | |
| ATTITUDE TOWARD AUTHORITY FIGURES | | ✓ | | | |
| FOLLOWS RULES AND SAFETY PRACTICES | | ✓ | | | |
| ABILITY TO FOLLOW DIRECTIONS | | ✓ | | | |
| QUALITY OF WORK | | ✓ | | | |
| DISPLAYS SELF CONTROL | | ✓ | | | |
| DEPENDABILITY | | ✓ | | | |
| APTITUDE / EMPLOYABILITY | | ✓ | | | |

EXPLAIN INMATE'S ACCOMPLISHMENTS WHILE IN YOUR PROGRAM OR WORK DETAIL:

_____

_____

_____

_____

LIST JOB TITLES, OR SPECIAL SKILLS ACQUIRED:

_____

_____

_____

GENERAL COMMENTS:

_____

_____

_____

_____
INMATE'S SIGNATURE

_____          _____   _____
EMPLOYEE'S SIGNATURE                    / TITLE              DATE

DISTRIBUTION:  White - Guidance Unit,  Yellow - Inmate,  Pink - Evaluator



To: Inmate Grievance Program Supervisor Quick

From: Vincent Warren, 01A3241 HB5 A-04

January 18, 2018

I would like to be placed on a ballot for the IGRC Rep for HB5. There is no rep in the block. The person who was the rep was moved to B Block and I wish to be the rep or be placed on a ballot ASAP so that HB5 may have proper representation.

Respectfully submitted,

Cc. Files

*There is No Ballot! Get out of my face!! and make sure the numbers are correct!*

cc. File

Ex C

OK Warren,
If you can take
Care of this, you can
Be HBS Rep. If not
Blackwell will Be the
Rep.





SS086 (10/09)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**SING SING CORRECTIONAL FACILITY**
**PROGRAM COMMITTEE TRANSACTION RECORD**

A 4

NAME: _____

DIN: _____

DIN: _01-A-3241_ NAME: _William, J_____ LOCATION

FROM: _IGRC_ (A.M.)  ITEM #: _700_____ RATE: _____

_____ (P.M.)  ITEM #: _____ RATE: _____

_H/C___ (EVE.)  ITEM #: _543_____ RATE: _____

TO: _5BLDG, FTK_ (A.M.)  ITEM #: _173301_ RATE: _____

_5BLDG, FTK_ (P.M.)  ITEM #: _173302_ RATE: _____

_H/C___ (EVE.)  ITEM #: _543___ RATE: _____

REASON:  ☐ INMATE REQUEST  ☐ FACILITY NEEDS  ☐ WAITING LIST

SPECIFY: _____

EFFECTIVE DATE: _2 / 5 / 20 18_   X _____
INMATE SIGNATURE

This program assignment will begin on the indicated effective date.
Admission to or participation in these assignments prior to effective date is NOT authorized and WILL NOT be compensated by the Incentive Allowance Committee.
All program assignments are for a minimum of one (1) evaluation period (91 days) from the effective date unless waived by the Inmate Program Committee Placement Coordinator (or his designee) for purposes of filling "Facility Priority" programs vacancies.

COMMENTS: _____

_____

_____

REFERRAL'S: WAITING LIST: I understand that my name will be placed on a waiting list.  As soon as I become eligible I will be automatically assigned unless waived by the Program Inmate Placement Coordinator or designee.

_____      _____
Inmate Signature                        Date

COMMENTS: _____

_____

_____

AUTHORIZED SIGNATURE: _____ DATE: _2/1/18_

(PCTR - REV. 03/94)

59101-18

(49)

1 of 3

From: Vincent Warren # 01A3241 HBS-A-4
Sing Sing Corr. Fac.
Program: HBS. Porter

(# 16 Exhibits)
Attached

To: Inmate Grievance Program
Cc: M. Capra, Sup
    Dr. L. Malin, DSP
    Gov. Andrew M. Cuomo
    Act. Comm. Anthony J. Annucci
    Act. Dir. I.G.P. S. Mallozzi

**RECEIVED**
FEB 09 2018
SING SING I.G.P.

**RECEIVED**
FEB 08 2018
SING SING I.G.P.

February 5th 2018

On January 25th 2018 I filed a grievance complaining about the I.G.P. voting procedure and related issues (see exhibit A with exhibits). At the time of the writing of the grievance I was employed as a Grievance Clerk. Before the filing of the grievance I expressed to the I.G.P. Supervisor Q. Qurck and the I.G.P. Sgt. Smallwood that I was filing my grievance to excerise my First Amendment right.

I.G.P. Supervisor Q. Qurck humiliated me by yelling and verbally bashing me and then fired me in retaliation for filing the grievance.

Afterwards, approx. two or three days later I returned to the I.G.P. office located in the school building and I.G.P. Sgt. Smallwood told me I was not allowed at work/program because I was fired by Q. Qurck. Sgt. Smallwood called the Program Committee and informed ORC Ms. Tinsely to place me as unassigned because I was fired by Ms. Quick and Smallwood. Sgt. told me not to return.

1 of 3

**RECEIVED**

FEB 0 0 2018

**SING SING I.G.P.**

I wrote program committee and informed them that I was fired for filing a grievance and was assigned to HBB porter. I went from a Grade 4 pay rate - to a Grade 1 pay rate for filing a grievance. It was as if I was working for a agency and requested a position at the job. After such request, I was denied the position although qualified and when I complained in writing I was fired. (Ex. B. Program Committee Transaction Record).

The First Amendment to the Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free excercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

I suffered retaliation/reprisal for a good faith grievance which is prohibited, see N.Y. Comp. Codes R. Regs. tit 78 701.6 (b) Dir. 4040. The Supreme Court has held (holding that state officials, sued in their individual capacities, were 'persons' within the meaning of §1983 and the 11th Amendment did not bar such suits. State officers were not absolutely immune from personal liability just because of the 'official' nature of their acts.) see, Hafer v. Melo, 502 U.S. 21. (A deprivation of First Amendment right standing alone is a cognizable injury [&] prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physical, mental or emotional injury he may have sustained). "The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show", Carnell v. Lighter, 143 F. 3d 1210.

The actions were punitive and nominal in nature and scope.

Actions Requested: 1.) That retaliation for the filing of grievances by this writer be prohibited;
2.) That any corrective actions by state of staff take place to return this writer back to how he was before the complaint;
3.) That staff be reminded that any action or threat of action against me for the good faith use of the I.G.P. is prohibited; and
4.) That I be giving a Grade 4 program at the I.G.P. or any other place.

    This grievance also serves to perserve any future litigation for a § 1983 civil sue under (Punitive & Nominal) damages.

Respectfully Submitted,

RECEIVED

FEB 0 9 2018

SING SING I.G.P.

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. 59101-18 | | DATE FILED 2/9/18 |
|---|---|---|---|
| | FACILITY Sing Sing | | POLICY DESIGNATION Institutional |
| INMATE GRIEVANCE PROGRAM | TITLE OF GRIEVANCE Staff Conduct | | CLASS CODE 49 |
| SUPERINTENDENT | SUPERINTENDENT'S SIGNATURE | | DATE 5/2/18 |
| GRIEVANT Warren, V. | | DIN 01A3241 | HOUSING UNIT HB5 A-4 |

Grievant claims staff retaliation for submitting a grievance.

Grievant interviewed by a supervisor and he requested that no further action be taken on this admitting he was upset at the time he submitted this grievance.

Based on the investigation conducted, no evidence could be found to substantiate grievants allegations.  Grievance Denied.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal*.  Please state why you are appealing this decision to C.O.R.C.

_____      _____

_____      _____

_____      _____

_____              _____
GRIEVANT'S SIGNATURE                                        DATE

_____              _____
GRIEVANCE CLERK'S SIGNATURE                             DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

| NEW YORK STATE Corrections and Community Supervision | Grievance Number SS-59101-18 | Desig./Code I/49 | Date Filed 02/09/18 |
|---|---|---|---|
| ANDREW M. CUOMO Governor   ANTHONY J. ANNUCCI Acting Commissioner | Associated Cases | | Hearing Date 06/19/19 |
| | Facility Sing Sing Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Retaliation For Filing Grievance | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that IGP Supervisor Q... denies retaliating against the grievant, yelling at him or firing him. She further states that the grievant requested a program change out of the grievance office. CORC further notes that he submitted his name for the 7/2018 IGP Election and was an alternate IGRC Representative from 7/1/18 to 12/31/18. It is also noted that he is currently assigned as an IPA in Transitional Services Phase 1. CORC has not been presented with evidence of malfeasance by staff.

CORC advises the grievant to address grievance concerns to the IGP Supervisor and security issues to area supervisory staff, at that time, for the most expeditious means of resolution.

RAL/

-----------------------------------------------------------------------------------
-----------------------------------------------------------------------------------

This document has been electronically signed by Shelley M. Mallozzi

**Response of IGRC**

SS# 59940-18 (CON)                     Code: 44                          September 25, 2018
Name: Warren, V. #01A3241

### Disagree

No evidence presented to support allegations. As for action requested: (1) having the OSI investigate is outside the purview of this committee; (2) grievance is confidential; (3) being a Sunni Muslim is not a prerequisite to work for IGP; (4) outside purview of IGRC; (5) having IGP Supervisor retrained is outside the purview of IGRC; (6) outside purview of IGRC; (7) no evidence of reprisals; and (8) it is responsibility of the IGP Supervisor to fill Representative vacancies in accordance with Directive #4040 §701.4 (a)(2) & (b)(3)(i).

**Note: Grievant requested for the representatives to be removed from the hearing.**

Date Returned to Inmate _____ SEP 25 2013 _____ IGRC Members _____

Chairperson _____          _____

_____

Return within 7 calendar days and check appropriate boxes.*

☐   I disagree with IGRC response and wish to
Appeal to the Superintendent.

☐   I have reviewed deadlocked responses.
Pass-Thru to Superintendent

☐   I agree with the IGRC response and wish to
Appeal to the Superintendent.

☐   I apply to the IGP Supervisor for
review of dismissal

Signed_____                    _____
                Grievant                                                   Date

_____                    _____
Grievance Clerk's Receipt                                         Date

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____
                                                                          Date

Grievance forwarded to the Superintendent for action_____
                                                                                            Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. 59940-18 (con) | DATE FILED 8/9/18 |
|---|---|---|
| | FACILITY Sing Sing | POLICY DESIGNATION Institutional |
| **INMATE  GRIEVANCE  PROGRAM** | TITLE OF GRIEVANCE Inmate Grievance Program | CLASS CODE 44 |
| **SUPERINTENDENT** | SUPERINTENDENT'S SIGNATURE | DATE 8/10/18 |

| GRIEVANT Warren, V | DIN 01A3241 | HOUSING UNIT HBA O-59 |
|---|---|---|

Grievant states the inmate grievance program is not conducted in accordance with directive #4040.

Grievance Denied. There is no evidence to support the allegations made by grievant. Grievant references the very same sentiments made in SS-59101-18 after which he sent a letter to the grievance office expressing the request to withdraw the grievance along with deeply apologizing for his actions.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7)  calendar days from receipt of this notice to file your appeal.*  Please state why you are appealing this decision to C.O.R.C.

_____

_____

_____


| GRIEVANT'S SIGNATURE | DATE |
|---|---|
| GRIEVANCE CLERK'S  SIGNATURE | DATE |

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

(44) (con)   59940-8

TO: IGP
From: Warren. V # 01A3211 0-59

I was the first alternated rep for allegedly
coming in third place. There is a rep on keeplock
and I have yet to be activated as a rep nor
was I informed on whether I could sit in on
hearings. If I'm not the one on hearings and I'm
the first alternated rep, who is sitting in as a second
rep because it's not me.

Action requested: That any form of retaliation for
prior complaints against the IGP stop and that I
be directed to the IGP and giving all access to
folders, a IGP pass to conduct IGP business and
any other further actions.

RECEIVED
AUG 03 2018
SING SING I.G.P.

V 3

C.C.
CORC

(44)   59940 (con).

From: Vincent Warren #01A3241 0-59

To: I.G.P.

9/19/18

**RECEIVED**

SEP 21 2018

SING SING I.G.P.

Once again my point is clear. (This grievance is to up date new facts that will support my 1983.) IGP rep# 2 has ~~resign~~ quit the job and I was passed over although I was the 1st alternate. This is all being done has retaliation for prior complaints against Q Quick. Further, I will include the IGP director in Albany for failing to properly supervise Ms. Quick when she failed to rectify this matter as well as all that ignored these facts who I wrote.

1.) Action requested: Q. Quick be disciplined for her actions.

2.) That I be awarded 250,000$ in damages.

3.) Q. Quick be removed from the IGP for her abuse of the IGP office.

V ❷ 36

Mr. Vincent Warren #01A3241
Sing Sing Correctional Facility
354 Hunter Street
Ossining N.Y. 10562

USM P3
SDNY

RECEIVED
NOV 27 2019
PRO SE OFFICE

Pro Se Office
United States District Court
Southern District of New York
500 Pearl Street, Room 230
New York, N.Y. 10007