UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VINCENT WARREN,             :
               Plaintiff,             :
v.                          :  **OPINION AND ORDER**
                                      :
QUANDERA T. QUICK, SHELLEY  :  19 CV 10989 (VB)
MALLOZZI, and REBECCA A. LOREN,  :
               Defendants.            :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Vincent Warren, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 against defendants Quandera T. Quick, Shelley Mallozzi, and Rebecca A. Loren, alleging violations of his First, Eighth, and Fourteenth Amendment rights.

Now pending is defendants Mallozzi and Loren's motion to dismiss pursuant to Rule 12(b)(6). (Doc. #19).[1]

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.[2]

---

[1] Defendant Quick has not moved to dismiss or joined the pending motion. By Order dated November 10, 2020, the Court granted Quick's request to stay her time to answer the complaint pending the Court's consideration of the motion. (Doc. #25).

[2] Because plaintiff is proceeding pro se, the Court considers allegations made for the first time in his opposition to the motion to dismiss and the exhibits annexed thereto. See Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).

1

At all relevant times, plaintiff was incarcerated at Sing Sing Correctional Facility ("Sing Sing") in Ossining, New York.

Plaintiff alleges he was employed as a clerk for Sing Sing's Inmate Grievance Program ("IGP"). On December 10, 2017, plaintiff allegedly requested Quick place his name on the election ballot for the inmate representative position on the Inmate Grievance Resolution Committee ("IGRC Rep"). According to plaintiff, Quick refused to designate him as a candidate and instead selected the IGRC Rep. Plaintiff states that Quick's chosen IGRC Rep was discharged soon thereafter.

Plaintiff claims that in January 2018, he again requested Quick place his name on the ballot for the vacated IGRC Rep position. According to plaintiff, Quick responded: "There is no Ballot! Get out of my face!!" (Doc. #2 ("Compl.") ¶ 23). Plaintiff alleges he told Quick he would submit a written grievance if her conduct towards him persisted, to which Quick allegedly responded with a "quid pro quo," telling plaintiff: "OK Warren, if you can take care of this [getting a grievant to sign off on his grievance by any means], you can be HB5 Rep. If not, Blackwell will be the Rep." (Id. ¶ 24) (alteration in original). Plaintiff says he was unhappy with Quick's response and therefore filed a grievance on January 25, 2018, complaining about the IGP's voting procedure. Plaintiff states the January 25 grievance was not processed.

According to plaintiff, approximately two or three days after he submitted his grievance, a staff member informed him that Quick had fired him as IGP clerk, and that he had been demoted to porter. Consequently, plaintiff filed another grievance dated February 5, 2018, alleging, inter alia, that Quick fired him in retaliation for filing the January 25, 2018, grievance.

On May 2, 2018, the superintendent of Sing Sing denied the February 5, 2018, grievance. The decision, which plaintiff attached to his complaint, states, in relevant part, that plaintiff was

"interviewed by a supervisor and he requested that no further action be taken on [the February 5 grievance,] admitting he was upset at the time he submitted [the] grievance" and "[b]ased on the investigation conducted, no evidence could be found to substantiate grievant[']s allegations." (Compl. at ECF 33).[3]  On June 19, 2019, the Department of Corrections and Community Supervision ("DOCCS")'s Central Office Review Committee ("CORC") upheld the denial of the February 5 grievance.

According to plaintiff, he "conveyed" all facts concerning Quick's alleged retaliation to Mallozzi, the IGP director, and Loren, the IGP coordinator, and each failed to remedy "these violations." (Compl. ¶ 34).  Plaintiff also alleges Mallozzi and Loren "permitted Quick to do as she pleases with IGP," despite receiving many complaints concerning Quick.  (Id. ¶¶ 39, 40). Finally, plaintiff alleges that "upon information and belief, [Mallozzi] was complicit with [Quick] due to quid pro quo."  (Id. ¶ 34).

## DISCUSSION

I.  Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[4]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded

---

[3] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

[4] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II.   Personal Involvement

Liberally construed, plaintiff's only allegations against defendants Mallozzi and Loren relate to their supervision of Quick's IGP practices and their knowledge of—and failure to remedy—Quick's alleged retaliation against plaintiff for filing the January 25, 2018, grievance.

Plaintiff fails to allege Mallozzi or Loren were personally involved in the alleged retaliation or any violation of his constitutional rights.

   A.   Legal Standard

To adequately plead a Section 1983 claim, a plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676.  Indeed, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983." Wright v. Smith, 21 F.3d 496, 501 (2d. Cir. 1994).

> Supervisor liability under § 1983 can be shown in one or more of the following ways:  (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)).

After the Supreme Court's decision in Ashcroft v. Iqbal, district courts within this Circuit have been divided as to whether claims alleging personal involvement under the second, fourth, and fifth of these factors remain viable.  See Marom v. City of N.Y., 2016 WL 916424, at *15 (S.D.N.Y. Mar. 7, 2016), reconsideration granted in part and denied in part, 2016 WL 5900217 (S.D.N.Y. July 29, 2016).[5]  The Second Circuit has yet to resolve this dispute.  Id.  In Ashcroft v. Iqbal, the Supreme Court "rejected Colon's one-size-fits-all 'supervisory liability' test in the context of examining a claim of invidious discrimination in contravention of the First and Fifth Amendments."  Marom v. City of N.Y., 2016 WL 916424, at *14.  Specifically, the Court held

---

[5]   Plaintiff will be provided copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

5

that a supervisor's "mere knowledge of his subordinate's discriminatory purpose" did not render the supervisor personally involved in violating the constitution. Ashcroft v. Iqbal, 556 U.S. at 677. Rather, "a plaintiff must [prove] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 676.

As such, mere knowledge of alleged constitutional violations is insufficient to state a claim against a defendant under Section 1983. See K.A. v. City of N.Y., 413 F. Supp. 3d 282, 300 (S.D.N.Y. 2019). Indeed, a supervisor "defendant's mere receipt of a letter or grievance, without personally investigating or acting thereon, is insufficient to establish personal involvement." Alvarado v. Westchester County, 22 F. Supp. 3d 208, 215 (S.D.N.Y. 2014). "Personal involvement will be found, however, where a supervisory official receives *and acts on* a prisoner's grievance or otherwise reviews and responds to a prisoner's complaint." Id.

B. Application

Plaintiff's allegations regarding Mallozzi and Loren fail plausibly to allege Mallozzi or Loren were personally involved in any violation of plaintiff's constitutional rights.

First, regarding their involvement in the alleged retaliation, plaintiff alleges only that "he conveyed all facts concerning [Quick's] retaliation . . . to [Mallozzi and Loren], [and] they each failed to remedy these violations." (Compl. ¶ 34). This vague statement fails plausibly to allege Mallozzi's or Loren's personal involvement in the alleged retaliation. Indeed, the complaint is devoid of any fact suggesting Mallozzi or Loren had actual knowledge of the alleged retaliation outlined in the February 5, 2018, grievance or participated in any investigation, hearing, or denial of the same. Even construing the complaint liberally, plaintiff "fail[s] to allege facts demonstrating that [Mallozzi or Loren] had any direct involvement, knowledge of, or

responsibility for the alleged retaliation against plaintiff." Woodward v. Perez, 2014 WL 4276416, at *8 (S.D.N.Y. Aug. 29, 2014).

In addition, the January 25 and February 5, 2018, grievances, which plaintiff attached to the complaint, do not suggest that Mallozzi or Loren were personally involved in any constitutional violation.  Although Mallozzi was copied on both grievances, it is well-established that "a defendant's mere receipt of a letter or grievance, without personally investigating or acting [thereon], is insufficient to establish personal involvement." Alvarado v. Westchester County, 22 F. Supp. 3d at 215; see also Simpson v. Rodas, 2012 WL 4354832, at *8 (S.D.N.Y. Sept. 21, 2012) ("[W]riting to a supervisory official is insufficient to establish such personal involvement") (citing Colon v. Coughlin, 58 F.3d at 877; Shomo v. City of N.Y., 579 F.3d 176, 184 (2d Cir. 2009)).

Second, plaintiff alleges Mallozzi and Loren "ha[ve] permitted [Quick] to do as she pleases with IGP; although Mallozzi [and Loren] receive[] many complaints concerning Quick [they] refuse[] to answer these complaints and permit[] the misconduct to continue." (Compl. ¶¶ 39, 40).  This allegation falls short of pleading that Mallozzi and Loren were personally involved in any violation of plaintiff's constitutional rights.  Indeed, it is well established that "[i]nmate grievance programs created by state law are not required by the Constitution, and consequently, allegations that prison officials violated those procedures do not give rise to a cognizable § 1983 claim." Meisel v. Westchester Cty., 2020 WL 3472500, at *7 (S.D.N.Y. June 25, 2020).

Finally, plaintiff alleges based "upon information and belief, [Mallozzi] was complicit with Quick due to quid pro quo." (Compl. ¶ 34).  This vague and conclusory allegation, even if true, fails to show Mallozzi's personal involvement in any unconstitutional conduct.  Indeed, plaintiff sets forth no factual allegation from which the Court can reasonably infer Mallozzi was

7

personally involved in issuing any "quid pro quo." And, in any event, plaintiff does not allege that the issuance of the alleged "quid pro quo" was itself retaliatory. As such, plaintiff alleges no facts indicating Mallozzi was personally involved in any violation of plaintiff's constitutional rights.

Accordingly, plaintiff's claims against Mallozzi and Loren must be dismissed.

## CONCLUSION

The motion to dismiss is GRANTED.

Defendant Quick shall file an answer to the complaint by January 13, 2021.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion (Doc. #19) and terminate Shelley Mallozzi and Rebecca A. Loren as defendants in this action.

Dated: December 23, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge