Copies Mailed/Faxed 7/22/21
Chambers of Vincent L. Briccetti



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VINCENT WARREN,
        Plaintiff,

v.

QUANDERA T. QUICK,
        Defendant.
--------------------------------------------------------------x

**ORDER**

19 CV 10989 (VB)

    By letter dated July 16, 2021, plaintiff requests the Court order defendant Quick to produce: (i) a complete record of all grievances filed against defendant Quick by plaintiff, and (ii) all civil proceedings, minutes and testimony that make mention of plaintiff's complaint against defendant Quick. (Doc. #35 at ECF 1–2). Plaintiff also states that defendant Quick submitted her responses to plaintiff's interrogatories without exhibits despite references in the responses to exhibits.

    By letter dated July 21, 2021, defense counsel responded to plaintiff's July 16 letter. (Doc. #36). Defense counsel states that she will mail to plaintiff another copy of the exhibits plaintiff contends were missing from the interrogatory responses.

    As to plaintiff's request that the Court order defendant Quick to produce additional documents, plaintiff is reminded that he must make a good faith effort to resolve discovery disputes before requesting judicial intervention. Paragraph 2.B.i. of the undersigned's Individual Practices requires a party raising a discovery issue with the Court adhere to Fed. R. Civ. P. 37(a)(1), which requires parties "meet and confer" or "attempt[] to confer" in good faith prior to requesting judicial intervention. The Court understands it is difficult and often inconvenient for incarcerated litigants to communicate with defense counsel. However, compliance with the undersigned's Individual Practices and Fed. R. Civ. P. 37 is not optional. The Court may deny any further requests for intervention in the discovery process from either party absent an indication that the parties attempted to meet and confer to resolve any dispute. Accordingly, plaintiff is required to confer with defense counsel regarding these requests.

    In addition, the Court is in receipt of a letter-motion from defense counsel dated July 21, 2021, requesting an extension of discovery deadlines and that the Court cancel the September 2, 2021, conference to allow additional time to take plaintiff's deposition and obtain settlement authority. (Doc. #37). Defense counsel requests that if the case does not settle by September 2, 2021, the Court schedule a conference at that time. Defense counsel's request is **GRANTED IN PART**. Defendant's time to depose plaintiff is extended to August 16, 2021, and the time for defense counsel to submit a letter regarding the status of settlement is extended to September 2, 2021. However, the conference scheduled for September 2, 2021, will not be canceled. Rather, the case management conference scheduled for September 2, 2021, is adjourned to October 1, 2021, at 9:30 a.m.

Accordingly, it is HEREBY ORDERED:

1. By **September 2, 2021**, defense counsel shall submit a letter regarding the status of settlement discussions.

2. The case management conference scheduled for September 2, 2021, is adjourned to October 1, 2021, at 9:30 a.m. At the time of the scheduled conference, plaintiff and defense counsel shall attend the status conference by calling the following number and entering the access code when requested:

**Dial-In Number: (888) 363-4749 (toll free) or (215) 446-3662**

**Access Code: 1703567**

It is the responsibility of defense counsel to make prior arrangements with the appropriate facility to have plaintiff available by telephone.

3. The Clerk is instructed to terminate the letter-motion. (Doc. #37).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: July 22, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge